UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

21-CR-60273-WILLIAMS/VALLE

UNITED STATES OF AMERICA

v.

PETER ROUSSONICOLOS,

          **Defendant.**
_____/

**GOVERNMENT'S UNOPPOSED REQUEST FOR *GARCIA* HEARING AND INCORPORATED MEMORANDUM OF LAW**

The United States of America, through the undersigned counsel, respectfully requests that the Court schedule a hearing consistent with *United States v. Garcia,* 517 F.2d 272, 277 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259 (1984), and *In re Gopman*, 531 F.2d 262, 265–66 (5th Cir. 1976), to independently consider a potential conflict involving counsel, and make a record of any necessary waiver. Through this Motion and incorporated Memorandum, the Government asserts that a *Garcia* hearing is necessary given defense counsel's ongoing representation of a cooperator against Defendant Peter Roussonicolos, hereinafter referred to as "Cooperating Witness 1."

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 21, 2021, a 15-count indictment charged Defendant Peter Roussonicolos with conspiracy to commit health care fraud and wire fraud, 18 U.S.C. § 1349; health care fraud, 18 U.S.C. § 1347; conspiracy to defraud the United States, 18 U.S.C. § 371; payment of kickbacks in connection with a federal health care program, 18 U.S.C. § 1320a-7b(b)(2)(A); and money laundering, 18 U.S.C. § 1957(a). [DE 1]. The charges stem from Roussonicolos' operation of five

durable medical equipment companies that billed Medicare for approximately $61.5 million in medically unnecessary devices from approximately April 2018 to approximately November 2020. [DE 1].

On September 28, 2021, the day prior to Roussonicolos' arraignment and detention hearing, Defense Counsel Frank Rubino entered his permanent appearance on behalf of Roussonicolos. [DE 13]. Since at least June 2020, Mr. Rubino has represented Cooperating Witness 1, a coconspirator in a related case in the Middle District of Florida.

In June 2020, Cooperating Witness 1 was charged by information in the Middle District of Florida with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Also in June 2020, Cooperating Witness 1 pleaded guilty. The plea agreement included a cooperation provision and bore Frank Rubino's signature as counsel for Cooperating Witness 1. Cooperating Witness 1's sentencing is scheduled for October 19, 2021. Cooperating Witness 1's cooperation with the Government is ongoing. The Government interviewed Cooperating Witness 1 as part of its investigation into Roussonicolos. Cooperating Witness 1 is expected to testify at trial against Roussonicolos, whom Rubino also represents. Roussonicolos' trial is scheduled for November 6, 2021.

More specifically, according to the Government's investigation, Roussonicolos paid Cooperating Witness 1's company for signed doctors' orders for medically unnecessary durable medical equipment. In many instances, the doctors neither communicated with the patients nor reviewed the orders prior to signing them.

## **LEGAL BACKGROUND**

The "essential aim" of the Sixth Amendment "is to guarantee an effective advocate for each criminal defendant," and not "to ensure that a defendant will inexorably be represented by

the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). A criminal defendant has a presumptive right to counsel of his or her choice. *Id.* at 164. However, the right to counsel of choice is not absolute. In determining whether or not to disqualify defense counsel, the district court must balance two Sixth Amendment rights: (1) the right to be represented by counsel of choice, and (2) the right to a defense conducted by an attorney who is free of conflicts of interest. *Id*. at 160.

Courts confronting possible conflicts of interest arising from a defense attorney's representation of another client are required to ascertain whether a conflict, actual or potential, exists and whether any such conflict warrants a change in counsel. "When an actual conflict of interest exists, the client is denied effective assistance of counsel and the attorney may be disqualified" and "even a potential conflict suffices for disqualification." *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994) (affirming a district court's determination that a defendant's lawyer of choice "suffered insurmountable conflict of interest problems" when that lawyer's law partner represented a government witness in a prior, related action"). *See also United States v. Campbell*, 491 F.3d 1306, 1309, 1312 (11th Cir. 2007) (affirming a district court's disqualification of defense counsel whose law partner had represented another defendant who had pleaded guilty to charges arising out of the same criminal activity, was cooperating as a government witness in the defendant's case, and refused to waive the conflict").

To decide if a conflict warrants disqualification, courts examine "whether the subject matter of the first representation is substantially related to that of the second." *United States v. Schneider*, 853 F. App'x 463, 465 (11th Cir. 2021) (citing *Ross*, 33 F.3d at 1523). In so doing, district courts "seek to discover whether the defense lawyer has divided loyalties that prevent him from effectively representing the defendant." *Id.* (internal punctuation omitted). "Disqualification

3

may be proper if a conflict could deter an attorney from intense probing of the witness on cross-examination to protect privileged communications with the former client or to advance the attorney's own personal interest." *Id.* (internal punctuation omitted). In *Schneider*, the Eleventh Circuit affirmed the District Court's conclusion of an insurmountable conflict of interest where defense counsel's law firm had represented Schneider's coconspirator, where, as here, the coconspirator "was to testify as a government witness and [defense counsel] would have been required to cross-examine him." *Id.* at 466.

But a criminal defendant may waive his right to conflict-free counsel. *United States v. Garcia*, 517 F.2d 272, 276 (5th Cir. 1975). The Court must "actively participate in the waiver decision." *Id.* at 277. When made aware of a potential conflict of interest, the Court should conduct an inquiry to determine whether a defendant wishes to waive the conflict. *United States v. Valdes*, 681 F. App'x 874, 876 (11th Cir. 2017) (internal citations omitted). In so doing, "[the defendant] must be informed (1) that a conflict of interest exists, (2) the consequences to his defense in continuing with conflict-laden counsel; and (3) that he has a right to obtain other counsel." *Id.* (internal citations and punctuation omitted). The waiver must be voluntary and a "knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id*. Additionally, the waiver must be "established by clear, unequivocal, and unambiguous language." *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993) (internal citations and punctuation omitted).

Even when these requirements are met, the "court need not accept a waiver of the right." *Ross*, 33 F.3d at 1524. Rather, a district court enjoys "substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may

not burgeon into an actual conflict as the trial progresses." *Wheat*, 486 U.S. at 163.

The justification for this is two-fold.  First, the defendant's right to choose his or her own counsel is circumscribed by the Sixth Amendment "right to a defense conducted by an attorney who is free of conflicts of interest." *Ros*s, 33 F.3d at 1524.  Second, "[t]he need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice . . . ." *Id.* at 1523.

In addition, under Local Rule 11.1(c), counsel must comply with the Rules Regulating the Florida Bar (the "Florida Rules").  Rule 4-1.7 of the Florida Rules provides that a lawyer must not represent a client if:

> (1) the representation of 1 client will be directly adverse to another client; or
> (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

As the comments to the Rule explain, subdivision 1 expresses the general rule that a lawyer may not represent a client when doing so would be "directly adverse to the other and where the lawyer's responsibility of loyalty and confidentiality of the other client might be compromised." Comments to Florida Rule 4-1.7.  Subdivision 2 addresses situations in which "a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interest." *Id.*  The "critical question" is whether the conflict will "materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." *Id.*  Under these circumstances, the lawyer would be precluded from representing the client absent the client's informed consent. *Id.*

Additionally, Rule 4-1.4 of the Florida Rules provides that a lawyer has a duty to explain matters to a client, stating lawyers "shall explain a matter to the extent reasonably necessary to

permit the client to make informed decisions regarding the representation." Rule 4-1.6, however, provides that a lawyer *must* not reveal information relating to representation of a client, except in certain circumstances inapplicable here, unless the client gives informed consent.

In criminal cases, the courts have noted that these rules often apply post-indictment, such as when one lawyer represents co-defendants at trial, or a lawyer represents a witness who will testify against a client at trial. *See Ross*, 33 F.3d at 1523.

## ARGUMENT

Defense Counsel's concurrent representation of both Roussonicolos and Cooperating Witness 1 raises, at the very least, a potential conflict. Cooperating Witness 1 provided the Government with information used in its indictment of Roussonicolos, and would be a trial witness against Roussonicolos. Cooperating Witness 1's plea agreement requires Cooperating Witness 1 to cooperate.

The Government does not take the position that potential conflict is unwaiveable. Nonetheless, the Government submits that Defense Counsel should provide written waivers from both Roussonicolos and Cooperating Witness 1, and requests that the Court conduct a *Garcia* hearing before Mr. Rubino proceeds with representation of Roussonicolos. Pursuant to Cooperating Witness 1's plea agreement, he/she may receive a recommendation from the Government for a reduction in his/her sentence based on assistance provided to the Government, including assistance provided in this case.

Were Roussonicolos to indicate a desire to plead guilty, he could later attempt to collaterally attack his conviction, alleging that Defense Counsel's advice to him to plead rather than proceed to trial was motivated by Defense Counsel's desire to assist in Cooperating Witness 1's cooperation. *Holloway v. Arkansas*, 435 U.S. 475, 490 (1978) (holding that the evil of

conflicting interests "is in what the advocate finds himself compelled to *refrain* from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process").

Conversely, if Defense Counsel were to advise Roussonicolos not to plead guilty but to instead proceed to trial, Cooperating Witness 1 would be called as a trial witness against Roussonicolos. *See Freund v. Butterworth*, 165 F. 3d 839, 859 (11th Cir. 1999) (holding that where two matters of representation are substantially related, a court will "irrefutably presume that relevant confidential information was disclosed during the former period of representation"); *see also United States v. Guttierez*, Case No. 10-CR-80083-MARRA, 2010 U.S. Dist. LEXIS 99424, at *11 (S.D. Fla. Aug. 3, 2010) (holding two cases were substantially related where the government "advised both clients that they could each be called upon to testify against the other"). In that situation, at minimum, a second attorney would need to be retained on Mr. Roussonicolos' behalf to prepare and cross-examine Cooperating Witness 1. Although multiple attorneys have entered temporary appearances on Mr. Roussonicolos' behalf, only Mr. Rubino has entered a permanent appearance. Thus, if the case proceeds to trial, it is unclear how this conflict can be managed.

A hearing would conserve judicial resources by mitigating the possibility of a collateral attack. A record can be made establishing that these potential conflicts have been fully explained to Roussonicolos and Cooperating Witness 1. The Court can make factual findings that both individuals fully understand the potential conflicts, waive the conflicts, and that such waivers are made knowingly and voluntarily. The Court can also make a finding of whether the potential conflicts articulated above are so severe that they cannot be waived, or if instead the conflicts are waivable.

## **CONFERENCE WITH COUNSEL PURSUANT TO LOCAL RULE 88.9(a)**

Pursuant to Local Rule 88.9(a), the undersigned counsel conferred with attorney Frank

Rubino, who does not oppose the Government's request for a *Garcia* hearing.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court hold a hearing to determine whether (a) Defense Counsel has a conflict of interest; (b) Roussonicolos and Cooperating Witness 1 have respectively made knowing, intelligent, and voluntary waivers; and (c) a waiver should be accepted by the Court.

Respectfully submitted,

JOSEPH BEEMSTERBOER
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

JUAN ANTONIO GONZALEZ
ACTING U.S. ATTORNEY

By: */s/ Emily M. Gurskis*
Jamie de Boer
Florida Special Bar No. A5502601
Emily M. Gurskis
Florida Special Bar No. A5502499
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 616-3842 (de Boer)
Tel: (202) 203-9186 (Gurskis)
Jamie.deBoer@usdoj.gov
Emily.Gurskis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I served and filed the foregoing document with the Clerk of the Court via CM/ECF.

By: */s/ Emily M. Gurskis*
Emily M. Gurskis
Trial Attorney
U.S. Department of Justice