UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

21-CR-60273-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA,

vs.

PETER ROUSSONICOLOS, and
KEVIN MCGOEY,

Defendants.

_____/

UNITED STATES' MOTION TO COMPEL DISCLOSURE OF, AND DISCOVERY
REGARDING, ANY ADVICE OF COUNSEL DEFENSE AND MOTION TO COMPEL
RECIPROCAL DISCLOSURES

The United States of America, through counsel, respectfully moves the Court for an order

setting July 15, 2022 as a deadline for defendants Peter Roussonicolos ("Roussonicolos")

and  Kevin McGoey ("McGoey") (together, "Defendants") to produce to the Government the

identities of all attorneys and all communications pertaining the advice they provided, if either

defendant intends to assert an advice of counsel defense in the trial set to begin August 1, 2022.

This deadline will ensure that the Government has sufficient time to investigate this defense

before the August 1, 2022 trial.

The United States believes that Defendants may argue at trial that they engaged in some of

the conduct at issue in this case on the advice of attorneys and/or that they relied on the advice of

counsel in believing that certain conduct at issue in this case was proper.  In order to receive an

advice of counsel instruction, "a defendant must show that (1) he fully disclosed to his attorney all

material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter,

he relied in good faith on advice given by his attorney."  *United States v. Hill*, 643 F.3d 807, 849–

50 (11th Cir. 2011) (quoting *United States v. Miles*, 920 F.3d 1342, 1354 (11th Cir. 2002)).  Unless

Defendants can establish the required factual predicate for an advice of counsel defense, they should not be able to assert an advice of counsel defense.  To the extent either Defendant intends to assert an advice of counsel defense, he must make the required showing, and he must properly disclose such materials to the United States.  Defendants should be compelled to produce materials relevant to that defense, as well as all materials subject to Fed. R. Crim. P. 16(b)(1)(A), in advance of trial to avoid unnecessary delays during the trial.

**FACTUAL BACKGROUND**

### A. The Indictment

Defendants were indicted on September 21, 2021 for their roles in DME fraud scheme that, in just two and a half years, billed Medicare roughly $61.5 million, of which roughly $26.7 million was paid.  [*See* ECF No. 1].  In connection with this scheme, Roussonicolos committed numerous distinct crimes.  The Indictment charges Roussonicolos with: conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 2); substantive counts of health care fraud, in violation of 18 U.S.C. § 1347 (Counts 3–7); conspiracy to pay health care kickbacks, in violation of 18 U.S.C. § 371 (Count 8); substantive counts of payment of kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A) (Counts 9–11); and money laundering, in violation of 18 U.S.C. § 1957(a) (Counts 14–15).  McGoey is charged in Count 2 (conspiracy to defraud the United States) and Counts 12–13 (money laundering).  [ECF No. 1].

In sum, the Indictment alleges that Roussonicolos recruited nominee owners, including McGoey, to own durable medical equipment ("DME") companies on paper because Roussonicolos was ineligible to enroll with Medicare himself.  Once the DME companies were enrolled with Medicare, Roussonicolos entered into kickback agreements with patient brokers, whereby he and

Individual 1 paid kickbacks to patient brokers in exchange for the referral of patients, including signed doctors' orders, for various orthotic braces that could be billed to Medicare. The patients typically did not need these products. Instead, Roussonicolos and his co-conspirators paid telemedicine companies to provide prescriptions for these braces, even though the telemedicine doctors were not treating the patients, did not examine the patients, and did not conduct follow-up visits with the patients regarding the products prescribed. Roussonicolos and others, including McGoey, then laundered the proceeds of this fraud through multiple accounts.

### B.  The United States' Requests for Advice of Counsel Disclosures

The Government believes that one or more Defendant engaged at least one attorney in connection with the DME companies. Based on this information, the Government anticipates that one or both Defendants may attempt to assert an advice of counsel defense. On June 15, June 23, and June 28, 2022, the Government contacted counsel for both Defendants and specifically requested disclosure of materials relating to any advice of counsel defense, if Defendants intend to assert one. To the extent Defendants intend to assert an advice of counsel defense, the Government will conduct its own investigation as to the factual basis for the defense, including interviewing attorneys and requesting and reviewing communications with those attorneys. Indeed, without knowing who all these attorneys are, the Government cannot even issue them trial subpoenas in the event the Government needs to call them as witnesses in a rebuttal case.[1]

### LEGAL STANDARD

### A.  Defendant's Disclosure Requirements

Defendants are required to produce reciprocal discovery under Fed. R. Crim. P. 16(b)(1)(A) ("If a defendant requests disclosure [of discovery from the Government and it

---

[1]      The Government is aware of the identity of one attorney.

complies], then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places . . . if the item is within the defendant's possession, custody, or control; and the defendant intends to use the item in the defendant's case-in-chief at trial.").[2]  A defendant must produce all items supporting its case, even if the Government may possess them already or provided them previously in its discovery.  *See, e.g.*, *United States v. Crinel*, 2016 WL 5779778, *2 (E.D. la. Oct. 4, 2016) ("a defendant is required to produce all required materials, including those already in the government's possession"); *United States v. Holden*, 2015 WL 1514569, *6 (D. Or. March 19, 2015) (ordering defendant to produce "evidence that he intends to use for a substantive nonimpeachment purpose even if he intends to use that evidence during" cross examinations of Government witnesses); *United States v. Hsia*, 2000 WL 195067, *2 (D.D.C. Jan. 21, 2000) ("Under the plain language of the Rule, defendant is required to turn over all such documents, regardless of their source or the means by which she came to possess them.").

Moreover, Rule 16(b)(1)(A) applies to all items that the defense will use to support its case, not merely those items that the defense will introduce after the Government rests.  Specifically, the phrase "defendant's case-in-chief at trial" as stated in Rule 16(b)(1)(A) applies to evidence that a defendant intends to present during the examination of the Government's witnesses to support his or her defense, as well as to evidence that the defendant intends to present at trial after the

---

[2]    At prior status conferences, and in phone conversations, Defendants have raised questions regarding discovery, including requesting early disclosure of interview reports, questions about interview report redactions, and expressing concern regarding the volume of discovery.  Their inquiries led the Government to disclose interview reports seven months ahead of the scheduled trial date and to offer to meet with Defendants regarding the evidence.  In addition, Defendants requested entry of the Standing Discovery Order at their arraignment.  And Roussonicolos has demanded expert disclosures.  [ECF No. 40.]  These conversations cannot reasonably be construed as anything other than requests for Rule 16 discovery.

Government rests its case (although Rule 16(b)(1)) does not require a defendant to disclose evidence that defendant intends to use only for purposes of impeachment).  *See, e.g.*, *United States v. Napout*, 2017 WL 6375729, *5 (E.DN.Y. 2017) ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a Defendant. … [W]here a defendant cross-examines a government witness to buttress[ ] her theory of the case, rather than to impeach the testimony given by the witness on direct examination, [t]he cross-examination ... is properly seen as part of the defendant's case-in-chief[.]") (citation and quotation marks omitted); *see also United States v. Aiyaswamy*, 2017 WL 1365228, *5 (N.D. Cal. Apr. 14, 2017) ("Defendant must disclose and produce substantive, non-impeachment evidence … whether Defendant plans to introduce that evidence during cross-examination or after the Government rests."); *Crinel*, 2016 WL 5779778, at *3 (same); *United States v. Larkin*, 2015 WL 4415506, *5 (D. Nev. July 20, 2015) ("Rule 16, however, does not allow the defendant to have it both ways, *i.e.*, she cannot obtain the government's evidence without disclosing her own evidence (other than impeachment evidence)."); *Holden*, 2015 WL 1514569, at *6 (D. Or. Mar. 19, 2015) (same); *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho 2014) ("[B]ecause of the immense volume of data produced by the Government … the requirements of Rule 16 can only be satisfied by identifying the specific documents which the Defendant intends to use at trial."); *Hsia*, 2000 WL 195067, at *2 (same); *United States v. Waddell*, 2016 WL 3031698, *3 (S.D. Ga. May 25, 2016) ("[I]f a defendant tries to introduce evidence through a government witness during cross-examination for purposes of providing his innocence, that's *not* impeachment but in fact part of the defendant's case-in-chief …").

### B. Advice of Counsel Defense

"In order to qualify for an instruction on good faith reliance on advice of counsel, a defendant must show that (1) he fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter, he relied in good faith on advice given by his attorney."  *Hill*, 643 F.3d at 849-50; *see also United States v. Johnson*, 139 F.3d 1359, 1366 (11th Cir. 1998) (approving jury instruction that "good faith reliance upon the advice of counsel requires not only full and complete disclosure of the facts then known but also of material facts or information later acquired").  A district court may properly decline to give such an instruction "if it lacks evidentiary support or is based upon mere suspicion or speculation." *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998) (quotation marks omitted).  The defendant bears the burden of proof because good faith reliance on advice of counsel is an affirmative defense.  *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013).

Where a defendant seeks to assert an advice of counsel defense, courts may order the defendant to produce materials related to that defense, such as providing the identity of all attorneys purportedly consulted and producing all communications with those attorneys related to the advice on which the defendant purportedly relied.  Indeed, in a Medicare fraud case centered on a very similar genetic testing fraud scheme, which went to trial early last year, the court required the defendant to do exactly that.  *United States v. Scott*, 19-cr-209-PGB-LRH [ECF No. 34] (M.D. Fla. Mar. 9, 2020).  This is consistent with rulings from this district  *See United States v. Robert Shapiro*, Case No. 19-20178-CR-Altonaga, [D.E. 108] at p. 2 (S.D. Fla. July 8, 2019) (adopting the reasoning of *United States v. Crowder*, 325 F. Supp. 3d 131 (D.D.C. 2018), and stating that "if Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense, the Government will be forced, in the

middle of trial, to request the Court halt the trial in order for the Government to review a large quantity of new information . . . the Court does not sanction a trial process that anticipates and rushes headlong into such delay and inefficiency");[3] *see also United States v. Senthil Ramamurthy*, Case No. 18-20710-CR-Altonaga/Goodman, [D.E. 276] at pp. 4-5 (S.D. Fla. Nov. 27, 2019) (same);[4] *United States v. Matthew Pisoni*, No. 15-20399-CR-DPG [D.E. 126] (S.D. Fla. Dec. 10, 2015) (paperless order setting pre-trial deadline for defense production of "all documents they intend to use at trial to support their advice of counsel defense").[5]

## ARGUMENT

**I.     IF DEFENDANTS INTEND TO PRESENT EVIDENCE ABOUT ATTORNEYS, THE COURT SHOULD COMPEL PRE-TRIAL PRODUCTION OF EVIDENCE PERTAINING TO AN ADVICE OF COUNSEL DEFENSE.**

If either Defendant intends to assert an advice of counsel defense, the Defendant must make the requisite showing under *Hill* that "(1) he fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter, he relied in good faith on advice given by his attorney." 643 F.3d at 849–50. The Government is aware that an

---

[3]     Judge Altonaga's order is attached hereto as Exhibit A.

[4]     Magistrate Judge Goodman's order is attached hereto as Exhibit B.

[5]     "The attorney-client privilege was intended as a shield, not a sword." *Cox v. Adm'r United States Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994) (internal citations and quotations omitted). A defendant who asserts an advice of counsel defense waives the attorney-client privilege as to the subject matter of that advice. *See, e.g.*, *United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014) ("By claiming that [he] lacked intent to defraud because attorneys told him that [the disputed] transactions were legal, [defendant] waived the attorney-client privilege with respect to communications with counsel concerning [their] legality."); *see also Inmuno Vital v. Telemundo*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("It is well established that when a party asserts a defense, such as the advice of counsel defense . . . that party waives the attorney-client privilege."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.").

attorney was engaged to advise on the operations of one or more of the companies at issue in the Indictment.  Based on this, the Government believes it is possible that the defense may assert an advice of counsel defense.  Therefore, on June 15, 23, and 28, 2022, the Government inquired with counsel for both Defendants as to whether either of them intended to assert an advice of counsel defense.  The Government has received no response.

Trial is set to commence in this case in roughly a month.  In order to ensure the efficiency of this trial, allow the Government to properly investigate this affirmative defense, and ensure that improper or confusing argument and evidence is not prematurely presented to the jury, the Court should order Defendants to produce any materials related to an advice of counsel defense, including the identities of all attorneys from whom Defendants received legal advice, as well as communications or memorialized legal advice with such attorney, by July 15, 2022.[6]  *See, e.g.*, *United States v. Ramamurthy,* 18-cr-20710-CMA [ECF No. 276] (S.D. Fla. Nov. 27, 2019) (requiring defendant asserting an advice of counsel to identify any attorneys that provided the advice underlying the defense, and to waive privilege over and produce all communications concerning the same in advance of trial);  *United States v. Shapiro,* 19-cr-20178-CMA [D.E. 108] (S.D. Fla. July 8, 2019) (same); *Scott*, 19-cr-209-PGB-LRH [ECF No. 34, 44] (in Medicare fraud case involving complex genetic testing scheme, the court set pre-trial deadline for disclosure of advice of counsel materials).

---

[6]     The Government is obviously not seeking disclosures regarding either Defendants' attorney-client relationships in this criminal case or to invade the defense camp in any way.  The Government is merely seeking discovery regarding an advice of counsel defense, if either Defendant intends to assert one.

## II. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE ALL MATERIAL SUBJECT TO FED. R. CRIM. P. 16(b)(1)(A).

To date, the Government has received no disclosures or document productions from the defense. The Government first asserted its demand for reciprocal discovery when it filed its First Response to the Standing Discovery Order on October 13, 2021.  [ECF No. 29.]  The Government also asserted this demand in its Second Response to the Standing Discovery Order on January 27, 2022.  [ECF No. 88.]  In addition, the Government informed defense counsel on June 28, 2022 that the Government had received no reciprocal disclosures and would move to compel such disclosures.   Therefore, the Government further requests that the Court order Defendants to produce, by July 15, 2022, all material subject to Fed. R. Crim. P. 16(b)(1)(A).

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court set a deadline of July 15, 2022 for the production of discovery from Defendants pertaining to an advice of counsel defense.   In addition, the Government moves to compel the production by July 15, 2022, of all material subject to Fed. R. Crim. P. 16(b)(1)(A), so that the Government has adequate time to confer with defense counsel regarding the admissibility of such material and file applicable motions *in limine*, *Daubert* motions, or seek other relief before the calendar call.

## <u>RULE 88.9 CERTIFICATION</u>

Counsel for the Government certifies that they attempted in good faith to confer with counsel for the defense to resolve the issues raised in this Motion, and has not received a response.

Dated: June 29, 2022

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

LORINDA I. LARYEA, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:    */s/ Jamie de Boer*
Jamie de Boer
Florida Special Bar No. A5502601
Emily M. Gurskis
Florida Special Bar No. A5502499
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 616-3842 (de Boer)
Tel: (202) 203-9186 (Gurskis)
Jamie.deBoer@usdoj.gov
Emily.Gurskis@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 29, 2022, I served and filed the forgoing document with the Clerk of the Court via ECF.

By:     <u>*/s/ Jamie de Boer*</u>